**Valery INYACHKIN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] U.S. Attorney General, Respondent.**

No. 08–2658–ag.

United States Court of Appeals, Second Circuit.

June 29, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Thomas S. Rome, Esq., Hartford, CT, for Petitioner.

Gregory Katsas, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel, Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WILFRED FEINBERG, JON O. NEWMAN and JOSEPH M. McLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

Petitioner Valery Inyachkin, a native and citizen of Russia, seeks review of an April 30, 2008 order of the BIA affirming the March 22, 2007 decision of Immigration Judge Michael W. Straus denying his application for asylum, withholding of re-moval, and relief under the Convention Against Torture ("CAT"). *In re Valery Inyachkin,* No. A073 662 041 (B.I.A. Apr. 30, 2008), *aff'g* No. A073 662 041 (Immig. Ct. Hartford, CT Mar. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, the agency denied Inyachkin's asylum claim as a matter of discretion based on his extensive history of misdemeanor convictions and his failure to fully disclose his criminal record when questioned by the IJ. We review a discretionary denial of asylum for abuse of discretion, vacating the agency's decision only where the adjudicator failed to consider the appropriate factors or reached a decision that had no rational basis. *See* 8 U.S.C. § 1252(b)(4)(D); *Wu Zheng Huang v. INS,* 436 F.3d 89, 96 (2d Cir.2006). In deciding whether to exercise its discretion to deny asylum to an otherwise eligible applicant, the agency must analyze the totality of the circumstances, balancing all relevant factors, both favorable and adverse. *See Wu Zheng Huang,* 436 F.3d at 98. Inyachkin's extensive history of misdemeanor convictions "easily furnish[ed] a rational basis" for the IJ's discretionary denial of asylum. *See Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993). Inyachkin points to no countervailing positive equi-

ties in the record that the IJ failed to take into consideration. Accordingly, we find that the agency did not abuse its discretion in denying Inyachkin's asylum claim. *See Jian v. INS*, 28 F.3d 256, 259 (2d Cir. 1994).

In addition, Inyachkin has waived any challenge to the agency's findings in support of its denial of his claim for withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Although Inyachkin has made arguments to this Court pertaining to his withholding claim, those arguments fail to address the actual bases of the BIA's finding that he did not meet his burden of proof: 1) that he failed to establish that the Muslims who attacked him in Chechnya were agents of the government or individuals that the government was unable or unwilling to control; and 2) that he failed to establish a pattern or practice of persecution in Russia against individuals similarly situated to himself. Finally, Inyachkin has also waived his CAT claim by failing to address it to any extent in his brief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).